# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANICE MCSWAIN, ANDRAE PAUL, MATTHEW MALLORY, AGER CHEELY, GREGORY B. CHAPPELL, DARNELL DAVIS, MICHAEL TATUM, JEREMY SNOW, JACKIE KNOX AND OTHER PERSONS SIMILARLY SITUATED,<br><br>      Plaintiffs,<br><br>vs.<br><br>GARDA CL SOUTHEAST, INC.<br><br>      Defendant. | CIVIL ACTION<br>FILE NO.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COME NOW Plaintiffs Janice McSwain, Andrae Paul, Matthew Mallory, Ager Cheely, Gregory B. Chappell, Darnell Davis, Michael Tatum, Jeremy Snow and Jackie Knox, for and on behalf of themselves and other persons similarly situated (collectively, "Plaintiffs") in their complaint against Defendant Garda CL Southeast, Inc. (hereinafter "Garda") and show the Court as follows:

## THE PARTIES AND JURISDICTION AND VENUE

1.

1

This is an action arising out of the Fair Labor Standards Act 29 U.S.C. §§ 201-216.  Plaintiffs are all residents of the state of Georgia and are all former employees of Garda, who was the FLSA employer of Plaintiffs for the relevant period of time.  Plaintiffs served in the capacity of driver-guard and were paid an hourly amount (varying among the Plaintiffs) of $12-14.00 per hour.  Plaintiffs bring this action to recover from Defendant unpaid regular time compensation, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), (the "Act" or "the FLSA") as described below.

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendant failure to pay overtime and failing to pay employees for all hours worked.  Plaintiffs hereby consent to be part of this action and named parties in the collective action.

3.

Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs worked between 40-60 hours a week in most weeks.  However, the Defendant had a known and stated (by Defendant)

policy of not paying time and a half for hours worked over 40 hours weekly but less than 50 hours weekly. Consequently, Plaintiffs were never paid overtime wages for any hours worked between 40-50 hours weekly as required by the Fair Labor Standards Act.

4.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union, hourly employees who have been or are employed in positions similar to those of the individually named Plaintiffs, and were subject to the same or similar unlawful practices as the individually named plaintiffs. The number and identity of other Plaintiffs yet to opt in and consent to be party plaintiffs may be determined from the records of Defendant, and potential plaintiffs may easily and quickly be notified of the pendency of this action.

5.

At all times relevant hereto, Garda was and is a Georgia corporation doing business in this judicial district and with its principal place of business in Georgia and doing business in this judicial district at 5400 United Drive, Suite A, Smyrna, Georgia 30082. Defendant is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered

agent for service, CT Corporation System, 1201 Peachtree St. NE, Atlanta, Ga. 30361.

6.

Defendant business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because they picked up and carried thousands of dollars in ATM (and other) money deposits, said money having moved through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant. Additionally, upon information and belief, the Defendant Corporation grossed over $500,000 annually for the relevant time period.  As such, Defendant is an employer under the FLSA, 29 USC 203.

7.

This Court has original jurisdiction based upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and 1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## COLLECTIVE ACTION ALLEGATIONS

8.

The wages of all hourly employees were altered by Defendant so that they would not reflect any overtime. Defendant further paid never paid overtime to hourly, nonexempt warehouse employees despite the fact that many regularly worked more than forty (40) hours per week.

9.

Further, for some employees that worked more than 50 hours weekly, Defendant did not pay any of these hours at time and one half, and merely paid regular pay, and called this "training pay." Additionally, in some instances Plaintiffs were not paid full credit for hours worked and/or required to work uncompensated "off the clock." Additionally, in some cases, Plaintiffs were not reimbursed for expenses expended on behalf of the company.

10.

Relatedly, for many hourly driver-guard employees, the actual number of hours reported to Defendant payroll company was falsely reported as less than the number of hours worked by those employees.

11.

Defendant's violations were willful and knowing. Defendant indicated that they "refused" to pay overtime for hours worked between 40-50 hours weekly. Defendant and its managers would yell at employees and threaten to retaliate against employees who asked to be paid correct overtime amounts and/or who inquired as to how their checks were calculated. Whenever hourly employees would inquire about the hours reported differences, hourly warehouse employees were yelled at and not allowed to see or keep proof of their hours worked from the time clock. Defendant failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c).

12.

Upon information and belief, Defendant has in some cases, retaliated against individuals who opposed these unlawful wage and hour practices.

## COUNT I – FLSA VIOLATIONS

13.

Plaintiffs re-allege paragraphs 1-12 and incorporate them by reference to this count.

14.

Defendant's policies as stated above have caused Plaintiffs to be deprived of wages due them.

15.

Defendant's policies as stated above constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

16.

Under 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

    a.    A trial by jury pursuant to Fed. R. Civ. P. 38(b);

    b.    An award of past due wages for each Plaintiff for the three years preceding the filing of this complaint, together with interest thereon;

    c.    That the Court award Plaintiffs liquidated damages, together with interest thereon;

  d. That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA;

  e. That is this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

  f. That Plaintiffs be awarded prejudgment interest and their costs and disbursements herein;

  g. That additional applicable former employees of Defendant be permitted to join this suit by appropriate opt-in; and

  h. That Plaintiffs be awarded compensatory, punitive damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein.

  i. Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

  This 6th day of June, 2012.

          Respectfully submitted,


          By: /s/ Douglas R. Kertscher
           Douglas R. Kertscher
           Georgia State Bar No. 416265

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800

Atlanta, GA  30339
Telephone:  770-953-0995
Facsimile:   770-953-1358
Email:         drk@hkw-law.com
Attorney for Plaintiffs

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Defendant hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 6th day of June, 2012.

                                        Respectfully submitted,


                                By: /s/ Douglas R. Kertscher
                                      Douglas R. Kertscher
                                      Georgia State Bar No. 416265

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
Email:      drk@hkw-law.com
Attorney for Plaintiffs